IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
| IN RE G.A.W., a Minor | ) ) ) ) No. 4:25-cv-01813-JMD ) ) ) |

**MEMORANDUM AND ORDER OF REMAND**

Shannon Wallace removes *In the Interest of G.A.W., a Minor*, Case No. 21SL-JU00199, a state juvenile proceeding pending in the Circuit Court of St. Louis County. ECF 1. She also submits a proposed temporary restraining order seeking to stay a state-court hearing scheduled for December 16, 2025, ECF 1-3, which the Court construes as a motion for a temporary restraining order. For the reasons below, the Court remands this case and denies all pending motions.

First, Wallace has not provided the state-court papers needed to evaluate removal. Under 28 U.S.C. § 1446(a), a removing party must file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Wallace's filings do not include the necessary documents from Case No. 21SL-JU00199. She provides only documents relating to separate state-court guardianship proceedings. ECF 1-1. Without the operative state-court filings for the instant juvenile matter, the Court cannot determine whether removal is proper. Wallace has failed to establish subject-matter jurisdiction.

Second, the asserted basis for removal—28 U.S.C. § 1443(1)—does not apply. Section 1443(1) permits removal only if the removing party (1) relies on a federal law "providing for specific civil rights stated in terms of racial equality," *Georgia v. Rachel*, 384 U.S. 780, 792

1

(1966), and (2) shows she is "denied or cannot enforce" that right in state court, *City of Greenwood v. Peacock*, 384 U.S. 808, 827–28 (1966).

Wallace does not satisfy either requirement. Her Notice of Removal invokes the Due Process Clause of the Fourteenth Amendment and relies on general family-law precedents addressing parental rights and procedural protections. ECF 1 at 2. Such claims rest on constitutional guarantees of general application, not on federal laws providing for specific civil rights stated in terms of racial equality. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Wallace also fails to identify any state law or formal state-court rule that would prevent enforcement of a qualifying federal right or otherwise establish that denial of such a right is inevitable. Accordingly, the Court lacks subject-matter jurisdiction over this action.

Third, to the extent Wallace relies on 28 U.S.C. § 1446 as a basis for removal, that statute governs the procedure for removal and does not itself confer federal jurisdiction or create a substantive right permitting removal. *See McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997) (explaining that the time limit in § 1446(b) is procedural, not jurisdictional).

Fourth, federal courts lack jurisdiction over "an action for divorce, alimony or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). This divestment of jurisdiction extends to claims "closely" related to "an action for divorce, alimony or child custody," even if drafted to sound in another cause of action. *Id.* Because the limited filings in this case establish that this case concerns child custody, ECF 1-3, this Court would not have

2

jurisdiction even if the state court documents were filed and a proper federal cause of action was asserted.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Juvenile Division.

**IT IS FURTHER ORDERED** that Wallace's motion for temporary restraining order, ECF 1-3, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Wallace's motion to proceed *in forma pauperis*, ECF 2, is **DENIED** as moot.

Dated this 15th day of December, 2025

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE